UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

- against -

KWOK CHING YU,

                       Defendant.

------------------------------------------X

90 Cr. 47 (RWS)

OPINION

A P P E A R A N C E S:

    <u>Pro Se Plaintiff</u>

    KWOK CHING YU
    FCI Otisville
    P.O. Box 1000
    Otisville, NY
    10963



    <u>Attorneys for Defendants</u>

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    By: Nicholas S. Folly, Esq.

**Sweet, D.J.**

Kwok Ching Yu ("Yu" or "Defendant"), proceeding *pro se*, has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") based on Amendments 505 and 536 to the United States Sentencing Guidelines (the "Sentencing Guidelines" or the "Guidelines"). Based on the facts and conclusions set forth below, the Defendant's motion is denied.

## I. Prior Proceedings

On December 15, 1992, Defendant was found guilty by jury upon a trial of Counts One, Two, Five, Six, Seven, Eight, and Nine.[1] Defendant was found guilty of conspiracy to distribute more than 1 kilogram of heroin, 21 U.S.C. § 846 (Count One); of conspiracy to import into the United States from outside more than 1 kilogram of heroin, 21 U.S.C. § 962 (Count Two); of being a principal administrator of a continuing criminal enterprise, 21 U.S.C. §§ 848(a) & (b) (Count Five); of importing heroin into the United States, 21 U.S.C. §§ 812, 952, 960(a)(1), 960(b)(1)(A), 18 U.S.C. § 2 (Counts Six and Eight); and of

---

[1] These same counts were renumbered in the special verdict form (the "Special Verdict Form") to be listed consecutively as Counts One through Seven. *See* Special Verdict Form, ECF No. 192, 56-57.

2

possession with intent to distribute heroin, 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 18 U.S.C. § 2 (Counts Seven and Nine).

On November 29, 1993, this Court provided in its sentencing opinion (the "Sentencing Opinion") that "[u]nder the mandated sentence imposed by Congress by the passage of 21 U.S.C. § 848, this first offender, 42 years old, must be sentenced – as a matter of law – to life imprisonment." See Sentencing Opinion, ECF No. 192, 1. Defendant was sentenced accordingly, on December 6, 1993.[2] Yu timely appealed on December 10, 1993, and on September 20, 1994, the Second Circuit affirmed this Court's judgment. Between 1995 and 2015, Defendant made a number of motions in which he sought to alter this Court's judgment, all of which were denied.

On May 23, 2016, this Court granted the request of Harlan Protass ("Protass") to be appointed to represent Defendant pursuant to the Criminal Justice Act ("CJA") for the purpose of filing a motion for a sentence reduction. By letter of January 16, 2018, Protass concluded that upon further research Yu is not eligible for a sentence reduction due to the

---

[2] The one-year delay from the end of the trial on December 15, 1992 to Defendant's sentencing on December 6, 1993 is explained by the many requests made by defense counsel and the Government for adjournment of the sentencing hearing.

3

life sentence mandated by his conviction of 21 U.S.C. § 848, and he sought to withdraw his representation of the Defendant.

Defendant, acting *pro se*, filed the instant motion for a sentence reduction pursuant to Section 3582(c)(2) on January 30, 2018. The motion was marked fully submitted on March 25, 2018.

## II. **Applicable Standard**

The Sentencing Reform Act of 1984 ("SRA"), Pub. L. No. 98-473, tit. II, ch. II, 98 Stat. 1987, provides that the Sentencing Commission must periodically review the Sentencing Guidelines and revise them as appropriate. *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011). "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." *Id.* (citing 28 U.S.C. § 994(u)) (quotation marks omitted). Accordingly, "[t]he Commission's exercise of this statutory authority triggers an exception to the general rule that sentencing courts are not authorized to modify sentences after they are imposed." *Id.*

Specifically, Section 3582(c)(2) "empowers district judges to correct sentences that depend on frameworks that later prove unjustified" on the basis that "[t]here is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range" of imprisonment provided by the Sentencing Guidelines. *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(c)(2) ("In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.") Motions brought pursuant to 18 U.S.C. § 3582(c)(2) therefore "exist to allow inequalities to be fixed." *Rivera*, 662 F.3d at 176.

However, Section 3582(c)(2) "does not authorize a . . . resentencing proceeding," but rather provides for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 825-27 (2010). The Second Circuit has articulated the analytical framework for evaluating whether a

5

sentence reduction under Section 3582(c)(2) is appropriate. Initially, "the defendant must be *eligible* for a sentence reduction. A defendant who was previously sentenced based on a now-amended Guideline with retroactive effect is only eligible for such relief if the reduction would be consistent with applicable policy statements issued by the Sentencing Commission – namely, § 1B1.10." *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (citing *id.* at 826) (emphasis in original) (internal quotation marks omitted). The "policies" are set forth in the Application Notes to Section 1B1.10 of the Guidelines. *See* U.S.S.G. § 1B1.10 Application Notes 1(B)(i)-(ii). They provide that courts are required to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether a sentence reduction is warranted and the extent of any such reduction. *Id.* Additionally, courts may "consider [the] post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G § 1B1.10, Application Note 1(B)(iii).

If a court determines that a defendant is eligible for a sentence reduction, it is required to "consider any applicable § 3553(a) factors and determine whether, in its discretion, the

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Mock*, 612 F.3d at 137 (internal quotations and citations omitted).

Thus, a Section 3582(c)(2) proceeding "is limited to revisiting of a previously-imposed sentence, during which the analytic framework of the sentence is replicated with one exception[:] the provision that has been retroactively amended is substituted for the corresponding provision applied at the time of sentencing." *United States v. Buissereth*, No. 08-cr-567 (SJF), 2012 WL 2357860, at *3 (E.D.N.Y. June 19, 2012) (internal quotation marks omitted). Retroactively applicable amendments to the Guidelines, however, do not automatically entitle federal defendants to sentence reductions. Rather, certain other facts, such as another conviction for an offense mandating a statutory life sentence or the denial of a previously filed 18 U.S.C. § 3582(c)(2) motion on the same grounds, may make a potentially eligible defendant ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) (providing that if "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range," then a "reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. § 3582(c)(2).").

## III. **Defendant's Motion for a Reduced Sentence is Denied**

Amendment 505, effective as of November 1, 1994, has the effect of reducing the highest base offense level for narcotics offenses under Section 2D1.1 of the Guidelines (based on the weight of narcotics at issue) from 42 to 38. *See* U.S.S.G. Amendment 505 (effective Nov. 1, 1994). The Sentencing Commission adopted Amendment 505 because it "determined that the extension of the Drug Quantity Table above level 38 for quantity is not required to ensure adequate punishment." *Id.* Amendment 505 was not retroactive when first promulgated, but became so one year later, on November 1, 1995 by way of Amendment 536. *See* U.S.S.G. Amendment 536 (effective Nov. 1, 1995) ("Section 1B1.10(c) is amended by deleting 'and 506' and inserting in lieu thereof '505, 506, and 516'"). Amendment 536 "expands the listing in § 1B1.10(d) to implement the directive in 28 U.S.C. § 994(u) in respect to guideline amendments that may be considered for retroactive application." *Id.*

Here, Defendant was convicted by jury of several offenses relating to narcotics trafficking and distribution, as well as for operating a continuing criminal enterprise in violation of 21 U.S.C. § 848, a statute which, in Defendant's case, mandates a sentence of life. *See* 21 U.S.C. § 848(b) ("Any

8

person who engages in a continuing criminal enterprise shall be imprisoned for life . . . if . . . such person is the principal administrator, organizer, or leader of the enterprise . . . and the violation . . . involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title . . . ."). Under Count Five, the jury found Defendant guilty of acting as principal administrator, organizer, or leader of a continuing criminal enterprise, and found that the violation involved at least 30 kilograms of heroin, 300 times the amount described in subsection 841(b)(1)(B). *See* Special Verdict Form, ECF No. 192, 56; 21 U.S.C. § 841(b)(1)(B) ("100 grams or more of a mixture or substance containing a detectable amount of heroin"). Because the jury found Defendant guilty of each of the above, Section 848 by itself statutorily mandates that Defendant be sentenced to life imprisonment regardless of any eligibility to receive a sentence reduction for one of the other Counts for which he was charged.

Further, as noted above, any different numbering of the Counts in the PSR relative to the Special Verdict Form does not demonstrate that errors were made as to whether the proper defendant was charged with the appropriate Count, as Defendant suggests. Because the jury found Defendant guilty of Section 848 as provided above, Congress mandates that Defendant be sentenced

9

to life imprisonment. Accordingly, Defendant's motion for a sentence reduction must be denied.

IV. **Conclusion**

For the foregoing reasons, Defendant's motion for a reduction of sentence is denied.

It is so ordered.

**New York, NY**
**April 6 , 2018**

_____
ROBERT W. SWEET
U.S.D.J.